**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul Bradley WOOD, Defendant–
Appellant.**

**No. 94–30132.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 1995.*

Decided April 17, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App.P. 34(a) and 9th Cir.R. 34.4.

Robert Steven Mahler, Asst. Federal Public Defender, Seattle, WA, for defendant-appellant.

Gene Porter, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: WRIGHT, HALL and WIGGINS, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

In a case of first impression in this circuit, we hold that the offense of indecent liberties with a minor, in violation of Washington state law, is a crime of violence for purposes of the career offender provisions of the Sentencing Guidelines. U.S.S.G. §§ 4B1.1, 4B1.2 (Nov. 1993).

## BACKGROUND

Paul Bradley Wood pleaded guilty in the district court to a single count of mailing a threatening communication, in violation of 18 U.S.C. § 876. The conduct underlying that offense involved Wood's mailing a letter to a female Public Defender who had represented Wood in a civil commitment proceeding the previous year. In the letter, Wood threatened, in graphic detail, to violently rape and kill the Public Defender. He also made two threatening telephone calls to the victim, but was not charged with additional § 876 counts for that conduct, pursuant to a plea agreement. Wood appeals only his sentence.

Wood apparently has a long history of sex offenses and violent crimes. According to his mother, Wood raped his half-brother early in the 1980s, when the brother was about five years old. While authorities have been unable to confirm his claims, Wood admits to having molested at least thirty male and female victims, and to having raped and murdered at least two women. He has been institutionalized on several occasions and has consistently been diagnosed as a dangerous sex offender.

In 1985, when he was nineteen, Wood pleaded guilty in Washington state court to taking indecent liberties with a minor. Wood was babysitting for a four- or five-year-old girl, whom he molested. In addition, the victim reported that Wood had exposed himself to her on at least two occasions.

The district court in the present case sentenced Wood as a career offender under the Guidelines, on the basis of two prior convictions. The first was a 1987 federal conviction for mailing a threatening letter to the female prosecutor in the 1985 indecent liberties case. The second predicate conviction was the in-

decent liberties conviction. Wood's counsel objected that indecent liberties is not a "crime of violence" and therefore could not be used as a predicate conviction for career offender status. The district court disagreed, stating at the sentencing hearing:

> When an adult causes a four-year-old child to have physical contact with him, sexual contact, there is a serious risk of physical harm just in the very nature of the offense. Such conduct is inherently violent because the threat of violence is implicit in the size, age and authority position of the adult in dealing with such a young and helpless child.

As a career offender, Wood's offense level was seventeen and his criminal history category was VI. The corresponding Guidelines range is 51–63 months. The district court sentenced Wood to sixty months, the statutory maximum for 18 U.S.C. § 876.

### DISCUSSION

Wood's 1985 conviction was for indecent liberties, in violation of former[1] Washington Rev.Code § 9A.44.100, which provided as follows:

> (1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:
>
> (a) By forcible compulsion; or
>
> (b) When the other person is less than 14 years of age; or
>
> (c) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.
>
> (2) For purposes of this section, "sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party.

Guidelines § 4B1.1 provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is a felony crime of violence or controlled substance offense, and (3) the defendant has at least two prior felony crime of violence or controlled substance convictions. The sole issue in this case is whether the 1985 conviction under the above statute constitutes a "crime of violence" for career offender purposes.

"Crime of violence" is defined in U.S.S.G. § 4B1.2:

> (1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2 (Nov. 1993) (emphasis added).

Thus, crimes whose elements explicitly include the use of force are crimes of violence. In addition, a few specifically listed crimes—burglary of a dwelling, arson, extortion, and crimes involving the use of explosives—are expressly designated as crimes of violence. As for other crimes not specifically mentioned in the text of the Guideline, the so-called "otherwise" clause highlighted above applies.

This circuit has adopted a straightforward method to determine if an offense constitutes a crime of violence under § 4B1.2. First, pursuant to § 4B1.2(1)(i), the court must examine the elements of the crime charged. If one of the elements is the use, attempted use, or threatened use of physical force, then the crime is a crime of violence. *United States v. Young,* 990 F.2d 469, 471 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 276, 126 L.Ed.2d 226 (1993). Wood's 1985 conviction

---

1. The statute was amended in 1988, and no longer includes minority as one of the attendant circumstances. *See* Wash.Rev.Code Ann. § 9A.44.100 (West Supp.1995). The current analogs to the former § 9A.44.100(1)(b) are contained in Washington's first, second, and third degree child molestation statutes. Wash.Rev. Code Ann. §§ 9A.44.083, 9A.44.086, 9A.44.089 (West Supp.1995).

for indecent liberties with a minor does not satisfy this statutory elements test.

■ A crime may also be a crime of violence under § 4B1.2(1)(ii), if it "otherwise involves conduct that presents a serious risk of physical injury to another." This inquiry examines "whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another." *Id.* (quoting *United States v. Sahakian,* 965 F.2d 740, 742 (9th Cir.1992)). In making this determination, sentencing courts may consider the statutory definition of the crime, any conduct charged in the indictment or information, the defendant's guilty plea or plea agreement, and any jury instructions. *Id.* at 472; *see also United States v. Kilgore,* 7 F.3d 854, 855 (9th Cir.1993) (construing the Armed Career Criminal Act, 18 U.S.C. § 924(e)).[2] Sentencing courts may not, however, make "a 'wideranging inquiry into the specific circumstances surrounding a conviction.'" *Young,* 990 F.2d at 472 (quoting *United States v. Johnson,* 953 F.2d 110, 113 (4th Cir.1992)).

In Wood's 1985 case, the information essentially tracked the elements of the statute, reciting all three parts of § 9A.44.100(1), except that it specified that the victim was four years old. Wood's "Statement of Defendant on Plea of Guilty" admitted to "sexual contact when other person less than fourteen years of age," specifying that the victim was five years old.

■ In defense of the judgment below, the government argues that anytime an adult engages in sexual contact with a four year old child, there is always a serious potential risk of physical injury and "there is always a substantial risk that physical force will be used to ensure the child's compliance."

*United States v. Reyes–Castro,* 13 F.3d 377, 379 (10th Cir.1993). The government emphasizes as well that the risk of violence is implicit in the size, age and authority position of the adult in dealing with a child. We agree.

Two other circuits have reached the same conclusion in similar cases. *United States v. Rodriguez,* 979 F.2d 138, 140 (8th Cir.1992), involved an Iowa statute prohibiting "lascivious acts with a child," in terms substantially similar to the Washington indecent liberties statute. The Eighth Circuit determined that the Iowa statute described a crime of violence for purposes of 18 U.S.C. § 16,[3] concluding that there is "no question that the crime [of] lascivious acts with children of the tender age of ten, is by its nature a crime of violence." *Id.* at 141. In *United States v. Reyes–Castro,* 13 F.3d 377 (10th Cir.1993), the Tenth Circuit determined that attempted sexual abuse of a child, in violation of a Utah statute, was a crime of violence under 18 U.S.C. § 16. After discussing *Rodriguez,* the Tenth Circuit concluded that a "common sense view of the sexual abuse statute, in combination with the legal determination that children are incapable of consent, suggests that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance." *Id.* at 379.

Wood relies heavily on our decision in *United States v. Weekley,* which held that attempted burglary is not per se a crime of violence under the categorical approach, for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). 24 F.3d 1125 (9th Cir.1994). The *Weekley* court could not conclude that every attempted burglary con-

---

**2.** Section 924(e)(2) defines "crime of violence" in terms essentially identical to § 4B1.2. This court has held that analysis of the "scope and application of the 'crime of violence' provision of section 924(e)(2)(B) is directly applicable to the determination of whether" a crime is a crime of violence under § 4B1.2. *United States v. Lonczak,* 993 F.2d 180, 182 (9th Cir.1993). Thus, cases construing § 924(e) can properly be used to aid in the analysis of § 4B1.2.

**3.** 18 U.S.C. § 16 defines "crime of violence" somewhat differently from § 4B1.2, as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a *substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

(emphasis added).

viction would necessarily pose a serious risk of violence. We held, therefore, that for an attempted burglary conviction to be used to enhance a sentence under the ACCA, the sentencing court must find that the actual offense conduct, as evidenced by the charging instruments, plea agreement, and so forth, "encompass[ed] conduct posing a risk of violent confrontation." *Id.*

Wood would have us extend *Weekley,* arguing that it stands for the proposition that a crime can only be classified as a crime of violence under the categorical approach if *every* instance of the crime involves violence. We do not, however, read *Weekley* so broadly. *Weekley* imposed a more stringent requirement because it involved an *attempt* crime; because attempt liability is often possible for relatively modest and unrisky substantial step conduct, it is proper to require greater certainty that violence would be involved before holding categorically that a given attempt crime is a crime of violence. *Id.* at 1126–27.

Wood's 1985 conviction, however, was for a completed offense and not an attempt offense. The rationale of *Weekley,* and its conclusion that it "is not enough that most convictions would encompass [violent] conduct," *id.* at 1125, simply do not apply. The completed offense of indecent liberties with a minor presents a "serious potential risk of physical injury" and is a crime of violence.

We draw further support for our decision from Washington state law.[4] Wood argues that Washington court decisions construing § 9A.44.100(1)(b) show that conviction under the statute was easily possible for conduct that posed no risk of violence at all. *See,* *e.g., In the Matter of Juveniles A, B, C, D, E,* 121 Wash.2d 80, 847 P.2d 455, 456 (1993) (noting that "Juvenile D," a sixteen year old male, had been convicted of indecent liberties with an eleven year old girl for an apparently consensual incident); *State v. Camarillo,* 115 Wash.2d 60, 794 P.2d 850, 851 (1990) (upholding conviction where defendant rubbed zipper area of eleven year old boy's pants and put hand inside pants, while they were watching television); *State v. Johnson,* 96 Wash.2d 926, 639 P.2d 1332, 1333–34 (1982) (implying that incident of wiping girl's genitals with a washcloth might support conviction for indecent liberties, if state could prove that defendant acted for purposes of his own sexual gratification).[5] These cases do not, however, compel the conclusion that indecent liberties is not a crime of violence. Just as it is possible to commit burglary—expressly defined as a crime of violence—without actually causing physical injury, the fact that conviction was theoretically possible under circumstances which did not end in violence under Washington's former indecent liberties statute does not alter our conclusion that the offense generally posed a serious potential risk of physical injury to the victim.

Other Washington legislation dealing with sex crimes further suggests that the Washington legislature considers the crime of which Wood was convicted in 1985 to be a violent crime. Washington has extensively revised its sex offense statutes during the past few years. The former crime of indecent liberties with a minor appears to have been replaced by three degrees of child molestation, differentiated by the age of the victim and the age difference between perpetrator and victim. Wash.Rev.Code Ann.

---

4. Deciding whether a crime is a crime of violence under the Guidelines is of course a question of federal law, and state law does not control. *United States v. Sherbondy,* 865 F.2d 996, 1004–05 (9th Cir.1988). Nonetheless, our decisions make clear that analysis under the "otherwise" clauses of § 924(e) and § 4B1.2 can be informed by how the states interpret and apply their own criminal laws. *See, e.g., Weekley,* 24 F.3d at 1127 (considering state decisions construing "substantial step" requirements in attempt statutes); *Lonczak,* 993 F.2d at 183 (looking to California Supreme Court decision to help construe state "child stealing" statute).

5. Wood twice cites one other case, but in one instance misconstrues it. Wood states that *State v. Acheson,* 48 Wash.App. 630, 740 P.2d 346 (1987), stands for the proposition that "applying medicine to the genital area of a four-year-old child satisfies statute." Appellant's Opening Brief at 14. In fact, *Acheson* held only that such evidence was properly *admitted* despite the fact that the prosecutor argued to the jury only an incident in which the defendant allowed the child to touch his penis. 740 P.2d at 351. The latter incident obviously could support a conviction for indecent liberties; the *Acheson* court does not, however, say that the medication incident could.

§ 9A.44.083 (first degree, victim under twelve, class A felony); § 9A.44.086 (second degree, victim between twelve and fourteen, class B felony); § 9A.44.089 (third degree, victim between fourteen and sixteen, class C felony). Because his victim was five years old, Wood would have been guilty of first degree child molestation.

Under Washington's sentencing guidelines, child molestation in the first degree is considered a "violent offense" by virtue of being an A felony. Wash.Rev.Code Ann. § 9.94A.030(36)(a) (West Supp.1995). Indecent liberties against a child under the age of fourteen and child molestation in both the first and second degrees are also considered "sexually violent offenses" under Washington's "sexually violent predator" statutes. *Id.* § 71.09.020(4)(a).

In conclusion, we hold that Wood's 1985 conviction for indecent liberties was properly classified as a crime of violence under the Guidelines. Wood's sentence is therefore

AFFIRMED.