97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Dale DIES, Defendant-Appellant.
 No. 96-10048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1996.*
Decided Sept. 13, 1996.
 
 Before: HUG, Chief Judge, ALARCON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Dale Dies appeals his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which applies to defendants who have been convicted of three violent felonies and who have subsequently been convicted of being a felon in possession of a firearm. Dies concedes that he has two prior convictions for violent felonies but claims that the third felony conviction relied upon by the district court in sentencing him was not a "violent felony" for purposes of the ACCA; thus, his sentence should not have been enhanced. This appeal was originally heard by this panel on June 15, 1995, and vacated and remanded on July 24, 1995, for the district court to clarify its reasons for sentencing.
 
 
 3
 Dies argues that the statutory definitions of the two offenses relied upon by the district court as constituting his third violent felony permit conviction without any force or violence on the part of the defendant. Thus, Dies suggests that because neither unlawful intercourse (statutory rape) nor lewd and lascivious acts against a minor require a showing of violence on the part of the defendant, these crimes cannot be violent felonies for purposes of the ACCA. However, United States v. Wood, 52 F.3d 272 (9th Cir.1995), disposes of this claim.
 
 
 4
 For an act to be deemed a violent felony, violence does not actually have to be used, it is sufficient that the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Wood, this court held that anytime an adult engages in sexual contact with a child, "there is always a serious potential risk of physical injury and 'there is always a substantial risk that physical force will be used to ensure the child's compliance.' " Id. at 275 (internal citations omitted). While the child in Wood was only four years old, we stated that there is also a substantial risk of injury when an adult engages in sexual contact with any child under the age of fourteen, even if the child consented to the sexual activity. Id.
 
 
 5
 The statute under which Dies was convicted of lewd and lascivious conduct applies when there is any sexual contact with a child under the age of fourteen; thus, this conviction is a violent felony under Wood. It is therefore unnecessary for us to decide if the unlawful intercourse charge is a violent felony because three prior violent felonies have been established.
 
 
 6
 Dies also claims that the Government did not meet its burden in proving that he was convicted of lewd and lascivious acts against a minor. While the Government did not submit the actual judgement of conviction, it did produce "clearly reliable" evidence establishing Dies's conviction of the lewd and lascivious counts, as required by United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.1990), thus satisfying its burden. The Government did produce the judgments of convictions for the other two violent felony convictions relied upon by the district court for enhancement purposes.
 
 
 7
 Finally, Dies claimed in his original appeal, as he does now, that the district court violated Fed.R.Crim.P. 32 by failing to rule on all of his objections to his presentence report. We remanded this case with instructions that the district court comply with Rule 32. The district court addressed each of Dies's objections and fully complied with Rule 32; thus, we reject this claim.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3