**REVISED**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-50510
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGERS JULIAN KIRK,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

April 17, 1997

Before JOHNSON, WIENER, and DENNIS, Circuit Judges.

JOHNSON, Circuit Judge.

Rogers Julian Kirk appeals his conviction for possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). Kirk asserts two points of error on appeal. First, he complains that the district court erred in overruling his motion to suppress evidence unlawfully discovered. Second, Kirk contends that the district court erred in assigning a Sentencing Guideline base offense level (BOL) of twenty because his prior conviction for indecency with a child is not "a crime of violence." Finding no merit in either argument, we affirm.

I.  Factual and Procedural History

On November 4, 1994, the Caldwell County Sheriff's Department

(CCSD) arrested Kirk for an outstanding parole violation and for false identification to a police officer. When the police arrested him, Kirk was living in a 1974 MCI bus parked in Lockhart State Park outside of Lockhart, Texas. Following the arrest, the police impounded the bus, and Inspector Scott with the Department of Public Safety (DPS) and Deputy Hay with CCSD began an inventory search of the interior. While searching the vehicle, Scott came across what appeared to be pornographic photographs of young boys. The Government further asserts that during the inventory search, James Blanton, another CCSD officer, discovered a firearm in an exterior luggage carrier. This weapon is the subject of Kirk's present conviction. The inventory search was never completed because after discovering the allegedly pornographic material, Scott and Hay terminated the inventory search to obtain a search warrant.

On September 5, 1995, a federal grand jury indicted Kirk for possession of a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); possession of a firearm as a fugitive from justice, § 924(a)(2); and possession of a stolen firearm, 18 U.S.C. §§ 922(j), 924(a)(2). Kirk filed a motion to suppress evidence challenging the admissibility of the firearm that officer Blanton discovered. The district court denied the motion. Kirk subsequently pleaded guilty to possession of a firearm as a convicted felon, but specifically reserved his right to appeal the denial of the motion to suppress.

In sentencing Kirk, the district court assigned a BOL of

twenty pursuant to Sentencing Guideline section 2K2.1(a)(4)(A). This section states that a defendant's BOL is twenty "if the defendant had one prior felony conviction of . . . a crime of violence." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(4)(A) (1995). The district court found that Kirk had a prior felony conviction of indecency with a child and that this crime constituted a crime of violence as defined by the Sentencing Guidelines. See id. § 4B1.2(1). Kirk objected to the assignment of a BOL of twenty, asserting that indecency with a child was not a crime of violence.[1] In overruling Kirk's objection, the district court found that indecency with a child was "certainly violent, violent to the victim, violent to the mores of our society, nonviolent to nobody."

After considering other pertinent factors,[2] the district court set Kirk's total offense level at nineteen. The probation officer determined in the presentence report (PSR) that Kirk had twelve criminal history points, placing Kirk in a criminal history category of V. But pursuant to Sentencing Guideline section 4A1.3, the district court increased Kirk's criminal history category to VI because category V did not adequately reflect the seriousness of

---

[1]Kirk claims that if the district court had not classified his prior conviction as a crime of violence, he would have received a BOL of fourteen, thereby resulting in a reduced sentence.

[2]Two points were added pursuant to Sentencing Guideline section 2K2.1(b)(4) because the firearm was stolen. However, four points were subtracted because Kirk demonstrated an acceptance of personal responsibility for his criminal conduct and because he assisted the authorities in investigating and prosecuting his own misconduct. See U.S.S.G.M. § 3E1.1(a)-(b).

3

Kirk's past criminal conduct. Using a total offense level of 19 and a criminal history category of VI, the district court sentenced Kirk to seventy-eight months of imprisonment, the maximum allowed by the Sentencing Guidelines. See id. at ch. 5, pt. A. Kirk now appeals the denial of his motion to suppress evidence and his sentence.

## II. Discussion

### A. Suppression of Evidence

Kirk filed a motion to suppress the firearm discovered by Blanton. His primary complaint was that Blanton's search of the exterior of the bus was not in accordance with strict police procedures for conducting an inventory search. Thus, Kirk contends, the discovery of the weapon was not pursuant to a valid inventory search. The district court, however, declined to rule on the constitutionality of the search, instead finding that the inevitable discovery exception applied. The court reasoned that even if Blanton's search was inappropriate, Scott and Hay had commenced a proper inventory search and inevitably would have discovered the firearm.

In order for the inevitable discovery exception to apply, the Government must demonstrate, by a preponderance of the evidence, both "(1) a reasonable probability that the contested evidence would have been discovered by lawful means in the absence of police misconduct and (2) that the Government was actively pursuing a 'substantial alternate line of investigation at the time of the constitutional violation.'" United States v. Lamas, 930 F.2d 1099,

4

1102 (5th Cir. 1991) (quoting <u>United States v. Cherry</u>, 759 F.2d 1196, 1205-06 (5th Cir. 1985)). Kirk challenges the district court's finding that the Government was actively pursuing a substantial line of alternate investigation at the time that Blanton discovered the pistol.

Blanton testified that he arrived at the crime scene around 5:00 or 6:00 p.m. and commenced his inventory search of the bus around 9:00 p.m. Kirk, however, claims that Blanton could not have discovered the gun around 9:00 p.m. Rather, Kirk asserts that Blanton discovered the firearm when he first arrived at the scene, prior to Scott and Hay beginning the inventory search. He bases this belief on (1) Blanton's testimony that the firearm was found prior to the discovery of the alleged pornographic pictures, (2) Scott's testimony that the pictures were found early on in the inventory search, and (3) Scott's testimony that the inventory search began shortly after he arrived at the park around 6:30 p.m., instead of 9:00 p.m. as Blanton testified. Furthermore, Kirk reasons that Blanton would not have proceeded to search the exterior of the bus after Scott and Hay had assumed tight control over the inventory search of the bus. Thus, Kirk reaches the conclusion that Blanton must have discovered the firearm somewhere around 5:00 p.m. or 6:00 p.m., prior to Scott and Hay starting the inventory search.

When reviewing a motion to suppress based on live testimony, we must accept a district court's findings of fact unless clearly erroneous or influenced by an incorrect view of the law. <u>See</u>

5

<u>United States v. Foy</u>, 28 F.3d 464, 474 (5th Cir. 1994); <u>United States v. Laury</u>, 985 F.2d 1293, 1314 (5th Cir. 1993). Furthermore, we must view the evidence in a light most favorable to the party that prevailed below. <u>See</u> <u>id.</u> The Government submitted evidence at the suppression hearing showing that at the time Blanton discovered the weapon (1) the decision to impound and inventory the bus had already been made and (2) the inventory of the interior of the vehicle was underway. Hay, who initiated the inventory search with Scott, testified that he arrived at the park around 7:30 or 8:00 p.m. and that the inventory search started approximately an hour after he arrived. Mike Masur, an employee of the Texas Parks and Wildlife Department who was assisting in the search, corroborated Hay's testimony and testified that the search began at approximately 9:00 p.m. Viewing this evidence in a light most favorable to the Government, it was not clearly erroneous for the district court to find that the Government was actively pursuing a substantial alternate line of investigation at the time Blanton discovered the weapon. The district court, therefore, did not err in denying Kirk's motion to suppress.

### B. Sentencing Guidelines

In Kirk's second point of error, he challenges the district court's assignment of a BOL of twenty. We must uphold Kirk's sentence unless it was imposed in violation of the law, resulted from an erroneous application of the Sentencing Guidelines, or was an unreasonable departure from the range authorized by the guidelines. <u>See, e.g.</u>, 18 U.S.C. § 3472(e); <u>United States v.</u>

Guadardo, 40 F.3d 102, 103 (5th Cir. 1994); United States v. Ford, 996 F.d. 83, 85 (5th Cir. 1993). Challenges to a district court's interpretation of the Sentencing Guidelines are reviewed de novo while challenges to a district court's findings of fact made in the course of applying the sentencing guidelines are reviewed for clear error. See id.

A defendant convicted of violating 18 U.S.C. § 922(g), possession of a firearm as a convicted felon, is sentenced pursuant to Sentencing Guideline section 2K2.1. Section 2K2.1(a)(4)(A) assigns a BOL of twenty to a defendant with one prior felony conviction of a crime of violence. Although this section does not specifically state which crimes are considered crimes of violence, the commentary to section 2K2.1 expressly incorporates the definition of a crime of violence set out in Sentencing Guideline section 4B1.2. See U.S.S.G.M. § 2K2.1 cmt. 5.

Section 4B1.2(1) states that a crime of violence is an offense punishable by imprisonment for a term exceeding one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(1). Kirk claims that his prior conviction for two counts of indecency with a child does not constitute a crime of violence as defined by this section of the Sentencing Guidelines.

Kirk was convicted of violating both subsection (a)(1) and (a)(2) of Texas Penal Code section 21.11. Section 21.11(a)

provides:

> (a)  A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
> > (1)  engages in sexual contact with the child; or
> > (2)  exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

TEX. PENAL CODE ANN. § 21.11(a) (Vernon 1994).[3]  The Texas Penal Code further defines sexual contact as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."  Id. § 21.01(2). The district court considered these two counts as one prior felony conviction for purposes of establishing the BOL.  See U.S.S.G.M. § 4A1.2(a)(2).  However, because the nature of the two offenses for which Kirk was convicted of are different, (i.e., one offense involves sexual contact and the other does not), we review each offense separately.

We begin by determining whether Kirk's conviction under Texas Penal Code section 21.11(a)(1), sexual indecency with a child involving sexual contact, is a crime of violence.  Section 4B1.2(1)(i) of the Sentencing Guidelines is inapplicable because physical force is not an element of the crime of indecency with a child.  See TEX. PENAL CODE ANN. § 21.11(a)(1).  Thus, the focus in this case is whether Kirk's conviction for indecency with a child involving sexual contact involved conduct that "present[ed] a serious potential risk of physical injury to another."

---

[3]Although Kirk was not convicted under the 1994 statute, the portions of the statute that applied to Kirk when he was convicted are identical to the current version.

8

U.S.S.G.M. § 4B1.2(1)(ii).

Although this court has not expressly ruled on whether indecency with a child involving sexual contact is a crime of violence pursuant to Sentencing Guideline section 4B1.2, we have found that for purposes of 18 U.S.C. § 16, indecency with a child involving sexual contact is a crime of violence. See United States v. Velazquez-Overa, 100 F.3d 418 (5th Cir. 1996).[4]   In Velazquez-Overa, we noted that crimes of this type are generally perpetrated by adults who are not only bigger and stronger than the children they abuse, but who also have the ability to coerce these children as an adult authority figure, adding immensely to the dangerous circumstances under which this type of crime is committed. *See Id.* at 422.  At the heart of the Velazquez-Overa opinion "is the belief 'that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance.'" Id. (quoting United States v. Reyes-Castro, 13 F.3d 377 (10th Cir. 1993)).

We realize that the definition of crime of violence as stated in 18 U.S.C. § 16 is not identical to the definition in section

---

[4]Other circuits, also interpreting 18 U.S.C. § 16, have reached similar conclusions. See United States v. Reyes-Castro, 13 F.3d 377 (10th Cir. 1993) (holding that attempted sexual abuse of a child in violation of Utah state law is a crime of violence); United States v. Rodriguez, 979 F.2d 138 (8th Cir. 1992) (holding that lascivious acts with a child in violation of Iowa state law is a crime of violence).

4B1.2 of the Sentencing Guidelines.[5]  While § 16 refers to the risk of physical force, section 4B1.2 refers to the risk of physical injury.  Nonetheless, the definitions are substantially similar.  Therefore, the reasoning employed in § 16 cases is persuasive authority for the conclusion reached today.  Cf. Velazquez-Overa, 100 F.3d at 421 n.4 (stating that the Ninth Circuit's analysis in United States v. Wood, 52 F.3d 272 (9th Cir. 1995), while interpreting crimes of violence pursuant to section 4B1.2, supported the conclusion that indecency with a child was a crime of violence under 18 U.S.C. § 16).  Indeed, in situations in which there is a substantial risk that physical force against a person will be used, a serious potential risk of physical injury may also exist.

In Wood, the Ninth Circuit held that pursuant to Sentencing Guideline section 4B1.2 indecent liberties with a minor was a crime of violence.[6]  52 F.3d at 272.  In 1985, Wood had pleaded

_____

[5]Section 16 states that a crime of violence means

(a)  an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b)  any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used.

18 U.S.C. § 16.

[6]The Washington state law stated that

(1)  A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

(a)  By forcible compulsion; or
(b)  When the other person is less than 14

guilty in state court to taking indecent liberties with a minor and was convicted for molesting a four year old little girl. See id. at 273. In concluding that Wood's conviction was a crime of violence, the Ninth Circuit reasoned that "there is a serious risk of physical harm just in the very nature of the offense. Such conduct is inherently violent because the threat of violence is implicit in the size, age and authority position of the adult dealing with a . . . child." Id. at 274 (quoting district court). The court held without hesitation that an offense of indecent liberties with a child younger than four presents a "serious potential risk of physical injury to another" and was a crime of violence as defined by section 4B1.2.

In the present case, the PSR stated that Kirk has been convicted of sexual indecency with a child involving sexual contact.[7] The facts indicated that Kirk's victim was only eight

years of age.
. . . .

(2) For purposes of this section, "sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party.

Wood, 52 F.3d at 274 (quoting former WASH. REV. CODE § 9A44.100 (1985)).

[7]Kirk complains for the first time on appeal that the district court improperly relied on the PSR to determine that his conviction for indecency with a child was crime of violence. Because Kirk failed to object to this at the district court level we will only review the district court's actions for plain error. See United States v. Guerrero, 5 F.3d 868, 870 (5th Cir. 1993). "Plain error is so obvious that [this court's] failure to notice it would seriously affect the fairness, integrity, or public reputation of [the] judicial proceeding." United States v. Hoster, 988 F.2d 1374, 1380 (5th Cir. 1993). More specifically, we will uphold

11

years old.  Furthermore, it was shown that Kirk had lured this child to a secluded area of a local park by deceiving and coercing the child.  The little boy, unaware of the grave danger posed by Kirk, befriended him.  Taking advantage of his position as an adult authority figure and the innocent nature of this child, Kirk sexually abused him.

Although the record does not indicate that any actual physical injury resulted, physical injury is not the test.  The fact that a serious potential risk of physical injury exists is sufficient.  As in this situation, when children are physically inferior to and trusting of adults, a potentially dangerous situation exists.  Anytime an eight-year-old child is molested by an adult there is a significant risk that physical injury will result.  When one couples a mature adult's inherent authority over a helpless young child with the implicit threat that his superior physical strength poses, the risk of physical injury is clear and unequivocal.

We therefore hold that Kirk's conviction of indecency with a child involving sexual contact under Texas Penal Code section 21.11(a)(1) is a crime of violence as defined by section 4B1.2 of

---

sentencing adjustments if "the record as a whole demonstrates that the adjustments did not result in miscarriage of justice." United States v. Pattan, 931 F.2d 1035, 1043 (5th Cir. 1991).  In the present case, we conclude that the district court's reliance on the PSR in characterizing Kirk's prior conviction as a crime of violence was not plain error.  See United States v. Jackson, 22 F.3d 583, 585 (5th Cir. 1994) (stating that a district court could review the description of a conviction in a PSR to determine whether it was a crime of violence).

12

the United States Sentencing Guidelines.[8]  Because we have determined that Kirk's violation of section 21.11(a)(1) is a crime of violence sufficient to uphold the district court's assignment of a BOL of twenty, we decline to decide whether Kirk's conviction under Texas Penal Code section 21.11(a)(2), sexual indecency with a child not involving sexual contact, was also a crime of violence.

### III.  Conclusion

For the reasons stated above, we hold that the district court properly denied Kirk's motion to suppress evidence and correctly found that Kirk's conviction for indecency with a child involving

---

[8]We note that in <u>Velazquez-Overa</u> this court held that sexual indecency with a child in violation of Texas Penal Code 21.11(a)(1) was per se a crime of violence.  Importantly, under 18 U.S.C. § 16, we were compelled to apply a categorical approach in determining crimes of violence.  <u>See</u> <u>Velazquez-Overa</u>, 100 F.3d at 420.  The Sentencing Guidelines, however, do not require such a categorical approach.  <u>See</u> <u>Jackson</u>, 22 F.3d at 585.  Because we determine that the specific conduct Kirk was convicted of was a crime of violence we decline to rule on whether a violation of Texas Penal Code section 21.11(a)(1) could be per se a crime of violence under Sentencing Guideline section 4B1.2.  Whether a conviction for sexual indecency with a child is always a crime of violence under Sentencing Guideline section 4B1.2 presents difficult questions.  For example, a nineteen year old individual that engaged in consensual sexual contact with a sixteen year old may have violated section 21.11(a)(1).  Yet, we cannot say that a serious potential for physical injury necessarily exists in this scenario.  We are aware that under Texas law a person under the age of seventeen is legally unable to consent to sexual contact.  However, factually a they can consent thereby resulting in nonviolent sexual contact.  Importantly, the circumstances surrounding sexual contact between two teenagers are far different from those surrounding sexual contact between a young child and a much older adult.  Thus, while sexual indecency with a child is under many circumstances a crime of violence as defined by section 4B1.2, we recognize that situations may exist where a potential risk of physical injury is not present when Texas Penal Code section 21.11(a)(1) is violated.  <u>See generally Id.</u> at 585.

sexual contact was a crime of violence pursuant to Sentencing Guideline section 4B1.2.

AFFIRMED.