UNITED STATES of America, Plaintiff–Appellee,

v.

Murphy Wayman CARTER, aka, Scottie Pimpin, Defendant–Appellant.

No. 00–30357.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2001

Filed Sept. 11, 2001

William T. Hines, Seattle, Washington, for the defendant-appellant.

Marc I. Osborne, U.S. Department of Justice, Washington, D.C., Steven Gonzalez, Assistant U.S. Attorney, Seattle, Washington, for the plaintiff-appellee.

Before: NOONAN, TASHIMA, and TALLMAN, Circuit Judges.

NOONAN, Circuit Judge:

Murphy Wayman Carter, alias Scottie Pimpin, appeals his sentence imposed for conviction under 18 U.S.C. § 2423(a), contending that his crime was not one of violence. We affirm the judgment of the district court.

## FACTS

Carter is a male weighing 235 pounds and 63 in height. In June 1999, Carter took Jane Doe, aged 14, against her will from the state of Washington to the state of California intending to force her to work for him as a prostitute. Carter forced Doe to perform as a prostitute in Oakland, Los Angeles, and San Diego, beating her if she did not earn money to please him and physically punishing her for disobedience to him.

Carter brought Doe back to Seattle where he forced her to continue to work as a prostitute. He also forced her to aid him in recruiting her friend, Juvenile # 1, also aged 14. Carter brought both juveniles to Portland, Oregon and then to Los Angeles to engage in prostitution. The two children ultimately escaped. After his arrest, Carter made two telephone calls from jail instructing two women how to conduct prostitution business.

## PROCEEDINGS

On October 25, 1999, Carter was indicted for transporting Doe in interstate commerce with the intent that Doe engage in prostitution. On June 28, 2000, Carter entered a plea agreement acknowledging that he had done the acts charged and pleaded guilty.

Carter had a record of criminal convictions, including two crimes of violence and two controlled substance crimes. At sentencing, the district court held that the present crime of conviction was a crime of violence and therefore found that Carter was a career offender. The court denied him a reduction for acceptance of responsibility and sentenced him to the statutory maximum of 15 years of incarceration.

Carter appeals.

## ANALYSIS

■ Carter contends that his transportation of Doe was not a crime of violence qualifying him as a career offender. Whether transportation of a minor with the intent that the minor engage in prostitution is such a crime is a new issue in this circuit. The crime is defined by U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) to

include a crime that "involves conduct that presents a serious potential risk of physical injury to another." The "potential" in this definition can be read as emphasizing what is true of every risk, that it is potentially dangerous, or as indicating that the mere potentiality of a risk occurring is enough to meet the definition. Without needing to decide, we hold that Carter's crime meets either standard.

The transportation of Doe for purposes of prostitution involved the near certainty that she would be put into prostitution, and prostitution involved "a serious potential risk" of contracting a sexually transmitted disease. We have already held that such a risk in simple rape is an additional factor making rape a crime of violence under the guideline. *United States v. Riley*, 183 F.3d 1155, 1159 (9th Cir.1999), *cert. denied*, 528 U.S. 1174, 120 S.Ct. 1204, 145 L.Ed.2d 1107 (2000). So, too, Carter's crime was one of violence. In addition, the crime carried the risk of assault or physical abuse by the pimp's customers or by the pimp himself.

■ The district court did not err in denying Carter a reduction for acceptance of responsibility, as he continued to try to conduct his business of prostitution from prison. *United States v. Cooper*, 912 F.2d 344, 348 (9th Cir.1990).

AFFIRMED.