IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30635
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON LEONIDAS RAMIREZ GUERRERO, also known
as Nelson Ramirez, also known as Alex Roberto,
also known as Anthony Miranda,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-60046-ALL
--------------------
January 22, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nelson Leonidas Ramirez Guerrero ("Ramirez") appeals the 36-month sentence imposed by the district court pursuant to 18 U.S.C. § 2326. Ramirez contends that the additional sentence constitutes impermissible double-counting, an upward departure, and is illegal.

We must uphold a sentence unless the sentence was imposed in violation of law, resulted from an error in the Guideline application, or was an unreasonable departure from the applicable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline range. United States v. Kirk, 111 F.3d 390, 393 (5th Cir. 1997). Ramirez concedes that review is for plain error only. Under Fed. R. Crim. P. 52(b), we may correct forfeited errors only when the appellant shows: (1) that there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)). If these factors are established, the decision to correct the error is within our sound discretion, and we will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 736.

Section 2326(1), 18 U.S.C., provides that anyone who has been convicted of engaging in fraud by mail, wire, or other means, or who has been convicted of conspiracy to commit such an offense, in connection with the conduct of telemarketing, "shall be imprisoned for a term of up to 5 years in addition to any term of imprisonment" that is authorized by certain enumerated statutes. Section 2326(2), 18 U.S.C., mandates an additional, maximum 10-year sentence if the fraud targeted persons over the age of 55 or victimized ten or more persons over the age of 55. Id. Section 1343, 18 U.S.C., is one of the statutes enumerated in 18 U.S.C. § 2326.

Ramirez's plea agreement, his presentence report, and his signed "Affidavit of Understanding of Maximum Penalty and Constitutional Rights" specified that under 18 U.S.C. § 2326, he was subject to a maximum five-year sentence of imprisonment in

addition to any term of imprisonment imposed under 18 U.S.C. § 371. Ramirez has not identified precedent supporting his position that the sentence imposed pursuant to 18 U.S.C. § 2326 constituted double-counting, an upward departure, or an illegal sentence. Accordingly, Ramirez has not shown plain error. <u>United States v. Webster</u>, 162 F.3d 308, 358 (5th Cir. 1998). The judgment of the district court is AFFIRMED.