IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21138
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS ORLANDO ROSARIO, also known as Luis Landy Rosario,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-149-2
--------------------
January 2, 2001


Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

     Luis Orlando Rosario appeals the district court's denial of
his motion to suppress evidence (marijuana) obtained during a
stop and search of a rental truck driven by Rosario.  He contends
that he was stopped and detained or arrested without probable
cause, that his consent to search the truck was not voluntarily
given, that the district court relied on incriminating statements
obtained in violation of his Miranda[1] rights, and that the

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [1] Miranda v. Arizona, 384 U.S. 436 (1966).

district court erred in considering such statements because they were not part of the evidence adduced at the suppression hearing.

Rosario has not shown that the district court erred in determining that there was cause to stop and detain him because the trailer he was towing had an expired registration sticker. See United States v. Hernandez, 901 F.2d 1217, 1219 & n.1 (5th Cir. 1990). He has not shown that the district court erred in determining that his consent to search the truck was voluntary under the circumstances. See United States v. Davis, 749 F.2d 292, 294 (5th Cir. 1985); United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993).

Rosario's suppression motion challenged the constitutionality of the stop and search but did not raise the issue of the admissibility of his statement in response to a canine sniff (prior to receiving Miranda warnings) that the truck contained marijuana. There was no testimony concerning the statement at the suppression hearing, but the statement was referenced elsewhere in the record, and Rosario stipulated that the statement was made. Rosario did not raise below the issue whether the district court erred in referring to the statement in denying the suppression motion, and thus review is for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Rosario has not shown plain error. Even if Rosario could show that he was "in custody" at the time he made the statement for purposes of Miranda, the inevitable discovery exception would apply to the statement because there was a reasonable probability that the marijuana would have been

discovered absent the statement since he had already consented to the search and the agents were actively pursuing the search of the truck at the time he made the statement.  See <u>United States v. Kirk</u>, 111 F.3d 390, 392 (5th Cir. 1997).

AFFIRMED.