# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 20, 2007          Decided March 20, 2007

No. 06-3047

UNITED STATES OF AMERICA,
APPELLEE

v.

CARLOS CURTIS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 03cr00533-01)

*Thomas J. Saunders*, appointed by the court, argued the cause and filed the brief for appellant.

*Elizabeth H. Danello*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III*, *Cynthia G. Wright*, and *Patricia Stewart*, Assistant U.S. Attorneys.

Before: SENTELLE, RANDOLPH and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

2

RANDOLPH, *Circuit Judge*: Defendant Carlos Curtis was a pimp whose prostitutes included girls under the age of eighteen. A jury convicted him on six counts of an indictment, including two counts of sex trafficking of children in violation of 18 U.S.C. § 1591 and two counts of transportation of minors for prostitution in violation of 18 U.S.C. § 2423(a). In a proceeding after *United States v. Booker*, 543 U.S. 220 (2005), and consistent with it, the district court found Curtis to be a career offender and sentenced him to concurrent terms of life imprisonment. Curtis's appeal raises several issues, only two of which warrant discussion: whether the district court should have excluded evidence of his prior bad acts and whether he was properly sentenced as a career offender. We have considered and rejected his other arguments.

The bad acts evidence consisted of Curtis's conviction in New Jersey in 1998 for promoting prostitution of a minor. Over Curtis's objection, two New Jersey police officers testified about his admission that he was the pimp of two minor girls he had met on a "track" (a street where prostitutes gather). The government also introduced a copy of the transcript of the hearing in which Curtis entered a plea of guilty. Curtis has no argument about the transcript. His claim is that the district court should have excluded the officers' testimony under Rule 403 of the Federal Rules of Evidence, pursuant to which the court may refuse to admit relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . .."

The risk, present in all cases in which prior bad acts are admitted under Rule 404(b) of the Federal Rules of Evidence, is that the jury might conclude "that because the defendant committed some other crime, he must have committed the one charged in the indictment." *United States v. Crowder*, 141 F.3d 1202, 1210 (D.C. Cir. 1998) (en banc). Given the now-uncontested introduction of the transcript of Curtis's plea, we

cannot see how the officers' testimony could have heightened the risk to a point that would have triggered Rule 403. The transcript had Curtis admitting that he was a pimp and that some of his prostitutes were minors. The live testimony added some details about how Curtis operated as a pimp. The government is, in general, permitted to determine how to present its case. *See Old Chief v. United States*, 519 U.S. 172, 186-89 (1997). There may have been some overlap between the plea transcript and the officers' testimony, but the government is not limited to one piece of evidence for each material fact. The district court therefore did not abuse its discretion in allowing the officers' testimony, particularly in light of its uncontested limiting instruction. *See United States v. Bowie*, 232 F.3d 923, 926-27, 933 (D.C. Cir. 2000).

Under the "career offender" provisions of the United States Sentencing Guidelines, a defendant with at least two prior felony convictions of qualifying offenses receives a greatly enhanced guideline sentence when convicted of another qualifying offense. *See* U.S.S.G. § 4B1.1. A qualifying offense is either a "controlled substance offense" or a "crime of violence." *Id.* Curtis concedes that in 1998 he was convicted of a controlled substance offense. But he contends his felony conviction for promoting prostitution of a minor in violation of N.J. Stat. Ann. § 2C:34-1(b)(3) was not a crime of violence.

The Guidelines define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). In determining whether an offense is a crime of violence, we evaluate the statutory definition of the crime without considering the particular facts underlying the defendant's conviction. *See United States v. Hill*, 131 F.3d 1056, 1062 (D.C. Cir. 1997).

Since use of force is not an element of the New Jersey offense, the question is whether promoting prostitution of a minor "involves conduct that presents a serious potential risk of physical injury to another." We conclude it does, as has the other circuit to have decided the issue. *See United States v. Carter*, 266 F.3d 1089, 1091 (9th Cir. 2001); *see also United States v. Battley*, 2000 WL 1568149, at *1 (5th Cir. Sept. 11, 2000) (non-precedential decision). It is common knowledge, confirmed in this case through expert testimony, that prostitutes risk serious physical harm from customers and from their pimps. A child prostitute is particularly vulnerable to such violence. In addition, a pimp is complicit in the sex offense of the customer, and courts have universally recognized that sex offenses against minors are crimes of violence under the career offender provision because of the substantial likelihood that the perpetrator will use physical force to ensure the child's compliance. *See, e.g.*, *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1155 (9th Cir. 2003) (carnal knowledge with a child under 15); *United States v. Pierce*, 278 F.3d 282, 289 (4th Cir. 2002) (taking indecent liberties with a minor); *United States v. Campbell*, 256 F.3d 381, 396-97 (6th Cir. 2001) (incest with a child between 13 and 16 years old); *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244-45 (10th Cir. 1998) (sexual contact with a minor); *United States v. Meader*, 118 F.3d 876,

5

885 (1st Cir. 1997) (statutory rape of a child under 14); *United States v. Kirk*, 111 F.3d 390, 395 (5th Cir. 1997) (indecency with a child involving sexual contact); *United States v. Shannon*, 110 F.3d 382, 387-89 (7th Cir. 1997) (en banc) (sexual intercourse with a 13-year-old).  The district court therefore correctly treated Curtis as a career offender.

*Affirmed.*