UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40216
_____


UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

MARTIN VELAZQUEZ-OVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
_____

(November 15, 1996)

Before BARKSDALE, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This appeal requires the court to resolve a question of first impression in this circuit: whether a state penal statute proscribing indecency with a child is a crime of violence for the purpose of sentence enhancement under Section 2L1.2 of the United States Sentencing Guidelines. We hold that indecency with a child involving sexual contact, a felony under Texas law, is a crime of violence because it entails a substantial risk that physical force may be used against the victim. Rejecting the appellant's attacks on the sentence imposed by the district court, we affirm the judgment and sentence of the district court.

Martin Velazquez-Overa, a citizen of Mexico, was deported from the United States as a criminal alien on May 3, 1995. Velazquez-Overa previously had been convicted in Texas state court of four felony offenses of indecency with a child. Tex. Penal Code Ann. § 21.11 (West 1994 & Supp. 1996). These offenses took place during a sixteen-month period in 1993 and 1994 and involved four different female victims. The headings of three of the state indictments listed the charge against Velazquez-Overa as "INDECENCY WITH A CHILD -- SEXUAL CONTACT." The heading of the fourth indictment listed the charge simply as "INDECENCY WITH A CHILD" but the text of the indictment specified that this offense too involved "sexual contact [with] a child younger than 17 years of age." Velazquez-Overa was assessed a term of imprisonment of ten years as to each of these convictions.

Four days after his deportation, Velazquez-Overa returned to the United States, and eventually to his home in Winnsboro, Texas. His presence soon attracted the interest of local police and federal immigration authorities, who ascertained that Velazquez-Overa's presence in the country was unlawful. Velazquez-Overa was duly indicted in the Eastern District of Texas on one count of illegal reentry by a criminal alien. 8 U.S.C. § 1326(a), (b)(2). He pleaded guilty on August 24, 1995, and was sentenced to 90 months in prison on January 22, 1996. He appeals his sentence.

II.

The district court calculated Velazquez-Overa's 90-month prison term on the basis of the federal sentencing guidelines. *See generally* United States Sentencing Commission, *Guidelines Manual* (1995). At the heart of the Sentencing Guidelines is a chart, the Sentencing Table, which indicates the authorized sentence range based on two independent variables: the defendant's offense level and his criminal history category. U.S.S.G. Ch. 5 Pt. A (Sentencing Table). In this case, the district court assigned Velazquez-Overa an offense level of 21 and a criminal history category of VI, yielding an authorized sentence range of 77 to 96 months. *See id.* Based on the recommendation in the probation officer's presentence investigation report, the district court imposed a sentence of 90 months.

Velazquez-Overa objected to the district court's calculation of both his offense level and his criminal history category. He renews these contentions on appeal, arguing that he should have been assigned an offense level of 10 and a criminal history category of V, for a sentence range of 21 to 27 months. *See id.*

III.

Appellant's sentence must be affirmed unless it was imposed in violation of law or was based upon an erroneous application of the Sentencing Guidelines. *See, e.g., United States v. Guadardo*, 40 F.3d 102, 103 (5th Cir. 1994); *United States v. Ford*, 996 F.2d 83, 85 (5th Cir. 1993), *cert. denied*, 510 U.S. 1050, 114 S.Ct. 704, 126

3

L.Ed.2d 670 (1994).[1]  An appeal challenging the district court's interpretation of the Sentencing Guidelines raises a question of law subject to *de novo* review.  *Ford*, 996 F.2d at 85 (citation omitted).

A.  Offense Level

The starting point for calculating the sentence of a criminal alien convicted of illegally reentering the United States is Section 2L1.2 of the Sentencing Guidelines.  *See* U.S.S.G. § 2L1.2 (Unlawfully Entering or Remaining in the United States); U.S.S.G. App. A (Statutory Index).  That section assigns the defendant a base offense level of eight.  U.S.S.G. § 2L1.2(a).  However, if the defendant previously was deported after being convicted of a felony (excluding a violation of the immigration laws), his offense level is increased by four.  U.S.S.G. § 2L1.2(b)(1).  If the defendant previously was deported after being convicted of an *aggravated felony*, his offense level is increased by *sixteen*.  U.S.S.G. § 2L1.2(b)(2).  Consequently, there is a significant difference in the defendant's sentence depending on whether his prior offense is deemed a "felony" or an "aggravated felony."[2]

The commentary to Section 2L1.2 defines "aggravated felony" to

---

[1]  A sentence also will be vacated if it is an unreasonable departure from the sentence range authorized by the Guidelines. *See, e.g., Guadardo*, 40 F.3d at 103.  The district judge did not depart from the prescribed sentence range in this case.

[2]  Based on Velazquez-Overa's criminal history category of VI, a reduction in his offense level from 21 to 10 would result in a sentence range of 24 to 30 months, rather than 77 to 96 months. *See* U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

include:

> any crime of violence (as defined in 18 U.S.C. § 16, not
> including a purely political offense), for which the term
> of imprisonment imposed (regardless of any suspension of
> such imprisonment) is at least five years . . . .

U.S.S.G. § 2L1.2, Application Note 7.

Accordingly, whether a crime is an "aggravated felony" within the meaning of Section 2L1.2(b)(2) turns on the definition in 18 U.S.C. § 16. That statute states:

> The term "crime of violence" means--
> (a) an offense that has as an element the use, attempted
> use, or threatened use of physical force against the
> person or property of another, or
> (b) any other offense that is a felony and that, by its
> nature, involves a substantial risk that physical force
> against the person or property of another may be used in
> the course of committing the offense.

18 U.S.C. § 16.

Subsection (a) is plainly inapplicable; physical force is not an element of the crime of indecency with a child as defined by the state of Texas. Rather, the issue in this appeal is whether the conduct proscribed by the Texas indecency statute, "by its nature, involves a substantial risk that physical force . . . may be used . . . ." 18 U.S.C. § 16(b).

This court not long ago explicated the meaning of the term "substantial risk" as it is used in the statute. We stated:

> A substantial risk that an event may occur does not mean
> that it must occur in every instance; rather, a
> substantial risk requires only a strong probability that
> the event, in this case the application of physical force
> during the commission of the crime, will occur.

*United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995).

5

*See id.* at 20 n.8 (explaining that "force" in this context means "destructive or violent force").

We also explained that the phrase "by its nature" compels a categorical approach to determining whether an offense is a crime of violence under Section 16(b). In holding that burglary of a vehicle or nonresidential building is a violent crime for sentence enhancement purposes, the court repudiated an earlier suggestion that sentencing courts may sometimes need to examine the underlying facts of defendants' prior convictions. *Rodriguez-Guzman*, 56 F.3d at 21 n.14 (criticizing *Guadardo*, 40 F.3d at 105). The reason is clear: either a crime is violent "by its nature" or it is not. It cannot be a crime of violence "by its nature" in some cases, but not others, depending on the circumstances. There is accordingly no need to consider the conduct underlying the defendant's conviction. A sentencing court need only consider the fact that he was convicted and the inherent nature of the offense. As we explained:

> If a crime by its nature presents a substantial risk that force will be used against the property [or person] of another, then it falls within the ambit of § 16(b) whether [or not] such force was actually used in the crime.

*Rodriguez-Guzman*, 56 F.3d at 21 n.14.

This approach is consistent with the Supreme Court's opinion in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding that burglary is a violent felony for purposes of sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)). The Court in *Taylor* stated that

6

"Congress generally took a categorical approach to predicate offenses." 495 U.S. at 601, 110 S.Ct. at 2159. The Court further noted that "the practical difficulties and potential unfairness of a factual approach are daunting." *Id.* The Court reasoned that Congress did not intend sentencing hearings to become retrials of the underlying conduct involved in the defendant's prior federal or state convictions. Id. at 601, 110 S.Ct. at 2159-60.

Other circuits have elaborated on the merits of the categorical approach to predicate offenses. The Eleventh Circuit explained that the categorical approach is:

> consistent with the overall objectives of the [Sentencing G]uidelines themselves. The guidelines, at least in part, constitute an effort by the Commission to design a sentencing system that reduces disparities in the sentences of defendants convicted of similar crimes. Taking into account the myriad of subtle differences in the commission of every recognized crime of violence would result in as many different sentences.

*United States v. Gonzalez-Lopez*, 911 F.2d 542, 547 (11th Cir. 1990) (citation omitted), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). *Accord United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993) (stating that "a court must only look to the statutory definition, not the underlying circumstances of the crime," in deciding whether an offense is "by its nature" a crime of violence under 18 U.S.C. § 16(b)). *See also United States v. Rodriguez*, 979 F.2d 138, 140-41 (8th Cir. 1992) (explaining that "a sentencing court is not required to consider the underlying circumstances . . .").

The inquiry in this case is whether indecency with a child by sexual contact, as defined by Section 21.11(a)(1) of the Texas

7

Penal Code, inherently involves a substantial risk that physical force may be used.[3]  Two other circuits, considering comparable sexual crimes against children, have answered in the affirmative. *See Reyes-Castro*, 13 F.3d 377 (attempted sexual abuse of a child under Utah law); *Rodriguez*, 979 F.2d 138 (lascivious acts with a child under Iowa law).  In addition, at least one circuit reached a similar conclusion in the context of the career offender provisions of the Sentencing Guidelines.  U.S.S.G. §§ 4B1.1, 4B1.2. *See United States v. Wood*, 52 F.3d 272 (9th Cir.) (indecent liberties with a minor under Washington state law), *cert. denied*, --- U.S. ---, 116 S.Ct. 217, 133 L.Ed.2d 148 (1995).[4]

At the heart of these opinions is the belief "that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force

---

[3]   Section 21.11(a)(1) of the Texas Penal Code provides:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
        (1) engages in sexual contact with the child;
        or ....

Tex. Penal Code Ann. § 21.11(a)(1).
We are not called upon to decide and do not reach the question whether an offense of indecency with a child not involving sexual contact inherently involves a substantial risk of force.  *Cf.* Tex. Penal Code Ann. § 21.11(a)(2) (prohibiting indecent exposure in a child's presence).

[4]   The definition of "crime of violence" in the career offender provisions differs somewhat from that in 18 U.S.C. § 16. The touchstone of "violence" in the career offender provisions is the risk that physical injury will result, rather than the risk that physical force may be used to carry out the offense. Nonetheless, the Ninth Circuit's reasoning in *Wood* reinforces the conclusion in *Reyes-Castro* and *Rodriguez* that offenses involving physical sexual abuse of children are acts of violence.

will be used to ensure the child's compliance." *Reyes-Castro*, 13 F.3d at 379. The Ninth Circuit elaborated on this view in *Wood*, a case involving a four-year-old victim, explaining that when an adult molests a child,

> [T]here is a serious risk of physical harm just in the very nature of the offense. Such conduct is inherently violent because the threat of violence is implicit in the size, age and authority position of the adult in dealing with such a young and helpless child.

*Wood*, 52 F.3d at 274 (quoting district court).

The same is true in this case. Appellant was convicted of sexually molesting children. We think it obvious that such crimes typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures. A child has very little, if any, resources to deter the use of physical force by an adult intent on touching the child. In such circumstances, there is a significant likelihood that physical force may be used to perpetrate the crime.

This conclusion draws additional support from our cases holding that burglary is a crime of violence within the meaning of 18 U.S.C. § 16(b). *See Guadardo*, 40 F.3d at 103 (citing *United States v. Flores*, 875 F.2d 1110 (5th Cir. 1989); *United States v. Cruz*, 882 F.2d 922 (5th Cir. 1989)).[5] We explained:

---

[5] *Flores* and *Cruz* involved the career offender provisions of the guidelines. At the time, Section 4B1.1 incorporated by reference the definition of "crime of violence" in 18 U.S.C. § 16. The definition of violent crime under Section 4B1.1 was amended subsequently. *See Guadardo*, 40 F.3d at 103-04 and *id.* at 104 n.3.

> Critical to the conclusion in *Flores* and *Cruz* is the idea
> that whenever a private residence is broken into, there
> is always a substantial risk that force will be used.

*Guadardo*, 40 F.3d at 104. Like-minded courts have elaborated on the rationale for holding burglary a crime of violence. The Eleventh Circuit explained:

> The reasoning [is] clear: whenever an intruder enters a
> dwelling, a person may be present inside, in which case
> the alarm to both the intruder and the resident may
> result in the use of physical force.

*Gonzalez-Lopez*, 911 F.2d at 549 (citation omitted). Our circuit has extended the rule in *Guadardo* to non-residential burglaries. *See Rodriguez-Guzman*, 56 F.3d at 20. If burglary, with its tendency to cause alarm and to provoke physical confrontation, is considered a violent crime under 18 U.S.C. § 16(b), then surely the same is true of the far greater intrusion that occurs when a child is sexually molested.

We understand appellant to contend, however, that the Texas indecency statute sweeps too broadly to justify the categorical conclusion that indecency with a child is "by its nature" a crime of violence. The Texas indecency statute prohibits two distinct activities: (1) sexual contact with a child; and (2) exposing one's genitals or anus to a child for the purpose of sexual gratification. Appellant suggests that the latter activity does not involve a significant risk that force will be used to complete the crime. We need not resolve this question, for there is no doubt that appellant was convicted under the statutory provision

10

prohibiting sexual contact with children.  Tex. Penal Code Ann. §

21.11(a)(1).  Three of his four state indictments list his offense

as "INDECENCY WITH A CHILD -- SEXUAL CONTACT."  This was reflected

in the probation officer's presentence investigation report, on

which the district court based appellant's sentence.  No contention

was made below or raised on appeal that appellant's offenses were

not prosecuted under Section 21.11(a)(1).

Thus, without examining the facts underlying appellant's state

convictions, we hold categorically that indecency with a child

involving sexual contact, under Section 21.11(a)(1) of the Texas

Penal Code, is a crime of violence within the meaning of 18 U.S.C.

16(b).  The offense is therefore an aggravated felony as defined in

Section 2L1.2 of the Sentencing Guidelines.  Accordingly, we affirm

the district court's sixteen-level enhancement of appellant's

offense level.[6]


B.  Criminal History Category

Appellant additionally contends that the district court erred

by counting his four indecency sentences as unrelated.  The

guidelines provide that prior sentences imposed in unrelated cases

are to be counted separately.  Prior sentences imposed in related

---

[6]      Our distinct analytical treatment of the two component
offenses is reinforced by the Texas Penal Code.  The state treats
the two offenses as distinct, classifying indecency with a child
involving sexual contact as a second-degree felony and indecent
exposure in a child's presence as a third-degree felony.  *See* Tex.
Penal Code Ann. § 21.11(c).  *Cf. United States v. Vasquez-
Balandran*, 76 F.3d 648 (5th Cir. 1996) (state's categorization of
its offenses is informative but does not control our analysis for
sentence enhancement purposes under the guidelines).

cases are to be treated as a single sentence for the purpose of computing a defendant's criminal history ranking. U.S.S.G. § 4A1.2(a)(2). The guidelines provide that "prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." *Id.*, Application Note 3.

The district court calculated appellant's criminal history ranking by assigning the requisite number of criminal history points for each prior offense as specified in the guidelines. Velazquez-Overa was given three points for his first indecency conviction and two points each for the remaining three. In addition, he was given two points for a 1993 conviction for driving while intoxicated; one point for a 1993 assault conviction; and one point for a 1990 conviction for driving while intoxicated. His point total, 13, placed him in category VI, the highest criminal history ranking provided for in the Sentencing Guidelines.

Had the district court treated appellant's four felonies as related, Velazquez-Overa contends that he would have been assigned a criminal history ranking of V, rather than VI, further reducing his sentence.[7] Velazquez-Overa argues on appeal that:

> These prior convictions should have been treated as related because the offenses charged were the same, they were not separated by an intervening arrest, the facts underlying the convictions were similar in nature, [he]

---

[7] Based on appellant's offense level of 21, a criminal history ranking of V would yield a sentence range of 70 to 87 months, rather than 77 to 96 months. *See* U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

12

was sentenced at the same time for each of them, and the sentencing judge ordered the sentences to run concurrently to each other.

This argument is untenable. Velazquez-Overa's offenses took place on four separate dates over the course of sixteen months and involved four different victims. His crimes were not united by a common scheme or plan; crimes are not deemed related under the guidelines merely because the perpetrator employed a consistent *modus operandi*. Appellant's argument to the contrary runs afoul of our precedents, which clearly establish that "[s]imilar crimes are not necessarily related crimes." *United States v. Garcia*, 962 F.2d 479, 482 (5th Cir.) (citations and internal quotation marks omitted), *cert. denied*, 506 U.S. 902, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992).

Finally, appellant's indecency cases were not consolidated for trial or sentencing, despite the fact that appellant was sentenced simultaneously for at least three of the offenses. This court repeatedly has rejected the idea that "sentencing two distinct cases on the same day necessitates a finding that they are consolidated." *Id.* (citations omitted). We also consistently have rejected the idea "that cases must be considered consolidated simply because two convictions have concurrent sentences." *Id.* (citations omitted). *See also United States v. Paulk*, 917 F.2d 879, 884 (5th Cir. 1990). Moreover, as we have recognized in the past, there can be no informal consolidation of offenses under Texas law. *Garcia*, 962 F.2d at 483 (citations omitted). In this case, as in *Garcia*, the record reflects no effort by the state of

13

Texas to consolidate the prosecution of appellant's four distinct offenses.

Velazquez-Overa's four sexual offenses were unrelated, fully justifying the district court's criminal history calculations.

AFFIRMED.