IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50872
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS RAMIREZ-SANCHEZ, also known as Tomas Ramirez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-176-1-DB
--------------------
April 6, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Tomas Ramirez-Sanchez (Ramirez) pleaded guilty to illegal reentry of the United States after removal, a violation of 8 U.S.C. § 1326. The district court found that Ramirez had been previously deported after an aggravated felony conviction, felony driving while intoxicated (DWI), and increased his offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Ramirez's objections were overruled, and he was sentenced to 57 months' imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's interpretation of the Sentencing Guidelines *de novo* and its application of the guidelines for clear error. See <u>United States v. Cho</u>, 136 F.3d 982, 983 (5th Cir. 1998). A sentence must be affirmed unless it was imposed in violation of law or was based upon an erroneous application of the Sentencing Guidelines. See <u>United States v. Velazquez-Overa</u>, 100 F.3d 418 (5th Cir. 1996).

For purposes of sentencing under U.S.S.G. § 2L1.2, an aggravated felony is defined as a "crime of violence (as defined in [18 U.S.C. § 16], but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F); <u>see</u> U.S.S.G. § 2L1.2(b)(1)(A), comment. (n.1). However, this court recently held that felony DWI is not a crime of violence as defined by 18 U.S.C. § 16(b). See <u>United States v. Chapa-Garza</u>, __ F.3d__ (5th Cir. Mar. 1, 2001, No. 99-51199). Therefore, Ramirez's previous felony DWI conviction was not an aggravated felony, and imposition of the 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A) was error.

Ramirez also argues that his felony DWI conviction was an element of the offense that should have been charged in the indictment. Ramirez concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). He seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). This court must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule

it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000)(internal quotation and citation omitted).

Accordingly, Ramirez's sentence is VACATED, and this matter is REMANDED for resentencing.