United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-41444
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO LUNA-MONTOYA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-753-ALL
_____

Before JOLLY, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Rigoberto Luna-Montoya appeals the district court's determination that his Texas conviction for theft from a person was a "crime of violence" for purposes of assessing a sixteen-level sentencing enhancement under § 2L1.2(b)(1)(A)(ii) of the 2001 version of the United States Sentencing Guidelines. Luna-Montoya contends that his prior conviction for theft from a person is not a "crime of violence" for these purposes since it does not have as

---

[1]Pursuant to 5th CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set for in 5th CIR. R. 47.5.4.

an element the intentional use of force against a person.[2]  We agree.

Luna-Montoya, a Mexico citizen and national, was discovered in the United States by Border Patrol Agents in Texas on May 4, 2002. Having been previously deported from the United States on March 31, 1999, Luna-Montoya was charged with being found unlawfully and knowingly present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  He subsequently pled guilty to this charge.  At sentencing, the district court accepted the presentence report recommending a sixteen-level enhancement to Luna-Montoya's base offense level of eight on the grounds that Luna-Montoya's prior conviction of theft from a person[3] under Texas state law constituted a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Notably, Luna-Montoya did not object to the

---

[2]Luna-Montoya also contends, solely for the purpose of preserving the issue for further appeal, that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2) is unconstitutional in the light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). He forthrightly concedes, however, that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which Apprendi expressly declined to overrule. See Apprendi, 530 U.S. at 489-90.  Accordingly, we need not consider this matter any further. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) ("'The Supreme Court has left no doubt that as a constitutionally inferior court, we are compelled to follow faithfully a directly controlling Supreme Court precedent unless and until the Supreme Court itself determines to overrule it.'") (quoting Hopwood v. Texas, 84 F.3d 720, 722 (5th Cir. 1996)).

[3]Prior to being deported in 1999, Luna-Montoya had pled guilty to theft from a person in Texas and on November 6, 1998, he was sentenced to six months' confinement there.  Immediately following his release from prison, he was deported to his native Mexico.

report or to the increased offense level. After a three-level reduction for acceptance of responsibility, this left Luna-Montoya with a total offense level of twenty-one and a guideline imprisonment range of seventy to eighty-seven months. The judge ultimately sentenced Luna-Montoya to seventy months' imprisonment.

On appeal, Luna-Montoya contends that the district court erred in categorizing his earlier conviction of theft from a person as a "crime of violence." Ordinarily, a district court's interpretation and application of the Sentencing Guidelines is reviewed *de novo*. United States v. Charles, 301 F.3d 309, 312-13 (5th Cir. 2002)(en banc). Because Luna-Montoya did not raise this objection below, however, this Court reviews the actions of the district court for plain error. United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc). To establish plain error, a petitioner must show that there was an error; the error was clear and obvious; and the error materially affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). When all of these elements are present, we may exercise our discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The first question before this court is thus whether the district court's classification of Luna-Montoya's earlier conviction constitutes error. We find that it does. The 2001 Sentencing Guidelines specify that a prior offense qualifies as a

"crime of violence" for purposes of the sixteen-level sentencing enhancement if it is either "an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another" or an offense enumerated in Application Note 1(B)(ii)(II).  U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii); see United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002)("The language of 2L1.2 says that crime of violence means that which is in subparagraph I, and includes that which is in subparagraph II.").  Theft from a person is not one of the offenses  enumerated in Application Note 1(B)(ii)(II).[4] Accordingly, theft from a person is only a "crime of violence" under § 2L1.2(b)(1)(A)(ii) if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

In analyzing this issue, we need not consider the facts underlying Luna-Montoya's previous conviction of theft from a person.  Instead, our duty is to "look only to the fact of the conviction and the statutory definition of the prior offense" under Texas law.  Taylor v. United States, 495 U.S. 575, 602 (1990). "Congress did not intend sentencing hearings to become retrials of the underlying conduct involved in the defendant's prior federal or

---

[4]The enumerated offenses are "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii).

4

state convictions." United States v. Velasquez-Overa, 100 F.3d 418, 421 (5ᵗʰ Cir. 1996).

The Texas theft from a person statute under which Luna-Montoya was convicted provides in relevant part:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
>
> (b) Appropriation of property is unlawful if:
> (1) it is without the owner's effective consent
> ...
> (e) an offense under this section is:
> (4) a state jail felony if:
> ...
> (B) regardless of value, the property is stolen from the person of another.

Tex. Penal Code Ann. § 31.03.

Notably, nothing in the Texas statutory definition of theft from a person indicates that "the use, attempted use, or threatened use of physical force against the person of another" is an element of the crime. Accordingly, we find that the district court erred in determining that this offense constituted a "crime of violence" for purposes of assessing a sixteen-level enhancement.

Under plain error review, however, a mere finding of error is not enough to reverse the decision of the district court. For an error to constitute reversible error, this Court must also conclude that the error was "clear and obvious" and that it "affected [Luna-Montoya's] substantive rights." Olano, 507 U.S. at 732. Duly noting this, the government concedes the fact that the district court committed error in classifying Luna-Montoya's prior conviction as a crime of violence. It contends, however, that this

5

fact does not warrant reversal since the district court's error was not clear and obvious. We disagree.

In determining a sentence, courts are "bound to follow each sentencing guideline and accompanying policy statements." United States v. Urias-Escobar, 281 F.3d 165, 167 (5th Cir.2002) (citing Mistretta v. United States, 488 U.S. 361, 391 (1989), and Williams v. United States, 503 U.S. 193, 199-201 (1992)). The language of the relevant guideline here is clear and unambiguous: In order for an offense to be classified as a "crime of violence," it must "have as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1)(A)(ii). Moreover, our prior case law has consistently indicated that, in analyzing whether the use, attempted use or threatened use of physical force is an element of a particular offense, a court looks only at the statutory definition of the prior offense. See, e.g., United States v. Shelton, 325 F.3d 553, 558 n.5 (5th Cir. 2003); Velasquez-Overa, 100 F.3d at 421. The offense of theft from a person as defined by Texas law plainly does not have such an element. Accordingly, the district court's finding that theft from a person constituted a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) was clearly and obviously erroneous.

Despite the clear language of the guideline and consistent direction from this Court on the subject of how this guideline should be applied, the government asserts that this error

6

nevertheless cannot be plain since no court in any circuit has previously ruled on the question of whether theft from a person under Texas law is a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). This argument, however, ignores the established principle that an error may be plain despite the fact that the precise underlying legal issue has never been addressed by a court. See United States v. Spruill, 292 F.3d 207, 215 n.10 (5th Cir. 2002) (noting that the fact that a particular factual and legal scenario has not been addressed in a reported opinion "does not preclude the asserted error . . . from being sufficiently clear or plain to authorize vacation of the conviction on direct appeal."). What is more, we have applied this principle in a nearly identical context before. For example, in United States v. Gracia-Cantu, 302 F.3d 308, 312-13 (5th Cir. 2002), we found plain error in a district court's determination that injury to a child constituted a "crime of violence," notwithstanding the fact that there was no prior circuit opinion addressing this specific matter. Accordingly, the government's argument to this end is without merit.

Finally, on the question of whether the error made by the district court affected Luna-Montoya's substantial rights, this court has previously found plain error where the incorrect application of sentencing guidelines resulted in a "dramatic increase" in the recommended imprisonment range and the actual term of imprisonment imposed. See, e.g., United States v. Gracia-

7

Cantu, 302 F.3d 308, 313 (5th Cir. 2002); United States v. Alarcon, 261 F.3d 416, 423 (5th Cir. 2001); United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). Here, without the sixteen-level increase, Luna-Montoya would have been subject to a term of imprisonment between twenty-one and twenty-seven months. With the sixteen-level increase, Luna-Montoya's recommended sentence was between seventy and eighty-seven months, and he was actually sentenced to seventy months' imprisonment. This difference in sentence is the same difference in sentence that this court found to be a "dramatic increase" that "affected [the defendant's] substantial rights" and "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings" in Gracia-Cantu. 302 F.3d at 313. See also United States v. Williamson, 183 F.3d 458, 464 (5th Cir. 1999)(finding that a two-fold increase in prison time affected the defendant's substantial rights). Accordingly, we find that the district court's error here affected Luna-Montoya's substantial rights, and we exercise our discretion to correct it.

Having found that the district court committed error, that the error was clear and obvious, and that it affected Luna-Montoya's substantial rights, we conclude that the district court's sixteen-level enhancement of Luna-Montoya's sentence constituted plain error. Therefore, we VACATE the sentence imposed by the district court and REMAND with instructions to resentence Luna-Montoya in a manner not inconsistent with this opinion.

8

VACATED AND REMANDED.[5]

---

[5]Judge Garza concurs in the judgment only.