United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-10635
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES LEON McCALLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:03-CR-319-ALL-H
_____

Before REAVLEY, JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

James Leon McCalley appeals his sentence imposed after his
guilty plea conviction as a felon in possession of a firearm.
Specifically, he contends that the district court erred in
characterizing his prior conviction for indecency with a child as
a "crime of violence" for purposes of a sentencing enhancement
under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a)(2).  He also argues
that the enhancement of his sentence, under a mandatory Guidelines
regime, based on facts neither admitted by him nor found by a jury
violated his Sixth Amendment rights under United States v. Booker,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

___ U.S. ___, 125 S.Ct. 738 (2005).  We affirm McCalley's sentence because we hold that his prior conviction for indecency with a child was a "crime of violence."  Furthermore, we reject his Booker claim because he cannot show that there is a reasonable probability that he would have received a lesser sentence under an advisory Guidelines regime.

I

McCalley's sentence was calculated under U.S.S.G. § 2K2.1(a)(4)(A), which provides for a base offense level of 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]"  The applicable definition of "crime of violence" is found in U.S.S.G. § 4B1.2(a), which states that a crime of violence is an offense punishable by imprisonment for at least one year and

> has as an element the use, attempted use, or threatened use of physical force against the person of another, or is burglary of a dwelling, arson or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Because the crime of indecency with a child under Texas Penal Code § 21.11(a)(1) does not have the use, attempted use, or threatened use of physical force as an element, whether McCalley's prior conviction is a crime of violence depends on whether it "presents a serious potential risk of physical injury to another."

2

To answer this question, we take a categorical approach, examining the conduct as alleged in the indictment.[**] <u>United States v. Serna</u>, 309 F.3d 859, 862 (5th Cir. 2002). The indictment for McCalley's conviction alleged that he sexually touched a child younger than fourteen years.

In <u>United States v. Velazquez-Overa</u>, 100 F.3d 418, 422 (5th Cir. 1996), we noted that "when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance." <u>Velazquez-Overa</u> concerned the definition of crime of violence as provided in 18 U.S.C. § 16, which asks whether the prior conviction presented a "substantial risk that physical force against the person or property will be used[.]" In <u>United States v. Kirk</u>, 111 F.3d 390, 394 (5th Cir. 1997), we held that "in situations in which there is a substantial risk that physical force will be used, a serious potential risk of physical injury may also exist." It is therefore clear that when an adult sexually touches a child younger than fourteen years there is a serious potential risk of physical injury. We therefore reject McCalley's arguments to the contrary.

---

[**] McCalley argues that the district court erred by failing to apply this categorical approach. Specifically, he contends that the district court looked to facts in the PSR to determine whether his prior conviction was a crime of violence. The district court noted that it reviewed the PSR, but it did not indicate that it based its determination that the prior conviction was for a crime of violence on facts other than those alleged in the indictment.

3

Next, we address McCalley's Sixth Amendment argument that the district court erred by characterizing the nature of his prior conviction and enhancing his sentence on the basis of that characterization under a mandatory Guidelines regime. Because he failed to object on these grounds at sentencing, our review is for plain error.

We first observe that it is not clear whether the district court's characterization of McCalley's prior conviction was a violation of his Sixth Amendment rights. We have held that under Apprendi v. New Jersey, 530 U.S. 466 (2000), there is no Sixth Amendment violation where a district court considers the nature of a prior conviction itself instead of presenting that question to the jury. United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002). The Supreme Court, however, has recently cast some doubt on this holding in Shepard v. United States, ___ S.Ct. ___, 2005 WL 516494 (2005) (noting that "[w]hile the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to" Apprendi). We need not determine the impact of Shepard because McCalley cannot show the necessary prejudice to succeed under plain error review.

To satisfy the third prong of the plain error analysis, a defendant presenting a claim of error under Booker must demonstrate a reasonable probability that the district court would have imposed

a lesser sentence if it had been aware of its discretion to do so. <u>United States v. Mares</u>, ___ F.3d ___, 2005 WL 503715 (5th Cir. 2005). McCalley does not make such a showing. Therefore, he cannot satisfy the third prong of the plain error test.

III

In sum, we hold that the district court did not err in determining that, based on the facts alleged in the indictment, McCalley's prior conviction for indecency with a child was a "crime of violence" for purposes of U.S.S.G. § 4B1.2. We also hold that the district court did not commit plain error by enhancing McCalley's sentence based on its determination of the nature of McCalley's prior conviction or by sentencing him under a mandatory Guidelines regime. Therefore, the sentence imposed in the district court is

AFFIRMED.