United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40130
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PARIS LYNN BENNETTE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-108-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:[*]

Paris Lynn Bennette appeals his 162-month sentence following his guilty-plea conviction of possession with intent to distribute more than 5 grams but less than 50 grams of cocaine base. He argues that the district court erred in computing his criminal history category because it failed to consider certain prior convictions as "related" under U.S.S.G. § 4A1.2. He contends that the sentences in those cases were consolidated because the sentences were concurrent.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The prior sentences were based on separate convictions in cases that involved various types of crimes. These crimes involved independent arrests and were distinguished by different offense dates and cause numbers. Thus, there is no basis to conclude that the prior sentences are "related" for purposes of U.S.S.G. § 4A1.2. See United States v. Garcia, 962 F.2d 479, 482-83 (5th Cir. 1992), abrogated on other grounds by Buford v. United States, 532 U.S. 59 (2001); United States v. Velazquez-Overa, 100 F.3d 418, 423-24 (5th Cir. 1996). Bennette's argument that Garcia and Velasquez-Overa were wrongly decided and should be overruled is unavailing. We are bound by this court's precedent on the issue. See United States v. Ramirez-Velasquez, 322 F.3d 868, 876 (5th Cir. 2003). Accordingly, the judgment of the district court is AFFIRMED.