United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-40140
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MIGUEL FIGUEROA-HERNANDEZ,

Defendant-Appellant.

_____

**Appeal from the United States District Court
for the Southern District of Texas
(1:05-CR-774-ALL)**

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Miguel Figueroa-Hernandez appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by illegally reentering the United States after being deported following an aggravated felony conviction.

Figueroa claims the district court erred, under the advisory Guidelines, by enhancing his sentence pursuant to § 2L1.2(b)(1)(A)(ii) based on its determination that his 1994

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction under TEX. PENAL CODE § 21.11(a) for indecency with a child was a crime of violence. A review of the record shows that, although Figueroa objected in district court to the enhancement, he did so on grounds other than the following issue he raises here. Therefore, we review only for plain error. *E.g., **United States v. Cabral-Castillo***, 35 F.3d 182, 188-89 (5th Cir.), *cert. denied*, 513 U.S. 1175 (1995). For plain error, Figueroa must show a clear or obvious error affected his substantial rights. *E.g., **United States v. Castillo***, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004). "If all three conditions are met, an appellant court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." **United States v. Cotton**, 535 U.S. 625*,* 631 (2002) (internal quotations and citations omitted).

Guidelines § 2L1.2(b)(1)(A)(ii) provides for a 16-level increase in a defendant's base offense level if he was previously deported after being convicted of a felony crime of violence. The accompanying Application Notes define a "crime of violence" either as one of a list of enumerated offenses or as "any offense under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2005). The enumerated offenses include the "sexual abuse of a minor". *Id.; see also **United States v. Velazquez-Overa***, 100 F.3d 418, 421-

422 (5th Cir.), *cert. denied*, 520 U.S. 1133 (1997) (concluding sexual abuse of a minor is "inherently violent" and is, therefore, an enumerated "crime of violence"). Figueroa contends his conviction under § 21.11(a) did not constitute "sexual abuse of a minor" because, under that statute, a victim can be as old as a day under seventeen and therefore would not fall under the generic, contemporary meaning of the term "minor" as it is used in the vast majority of statutes proscribing sexual activity with or against persons below a certain age.

*United States v. Zavala-Sustaita*, 214 F.3d 601 (5th Cir.), *cert. denied*, 531 U.S. 982 (2000) is dispositive. It held the victim of a § 21.11(a)(2) offense, "a child younger than 17 years, is clearly a minor". *Id.* at 604. (internal quotations omitted). It further noted that a violation of § 21.11(a)(2) is "sexual abuse of a minor" as that term is used in its "ordinary, contemporary, [and] common meaning". *Id.* Finally, although it is unclear under which section of § 21.11 Figueroa was convicted both subsections employ similar language. *See* § 21.11(a). Needless to say, there was no clear or obvious error.

Figueroa also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors, rather than elements of the offense that must be found by a jury. Figueroa's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although he contends that *Almendarez-Torres* was

incorrectly decided and that a majority of the Supreme Court would now overrule **Almendarez-Torres** in the light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that **Almendarez-Torres** remains binding. *See* **United States v. Garza-Lopez**, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Figueroa concedes this claim is foreclosed by **Almendarez-Torres** and raises it here only to preserve it for further review.

*AFFIRMED*