United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10921
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMALIO MARQUEZ-CONDE,
also known as Jose Marquez Conde,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-129-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Amalio Marquez-Conde (Marquez) appeals the 86-month sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He advances several arguments challenging the district court's refusal to find that his three prior Texas convictions for delivery of cocaine were related for purposes of computing his criminal history score under U.S.S.G. § 4A1.2(a)(2).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Marquez argues that the charges were informally consolidated under state law which rendered them related for purposes of the Federal Sentencing Guidelines because he pleaded guilty to the charges and was sentenced for all of them in the same proceeding. He contends that the district court's comments at sentencing "strongly suggest" that it concluded, incorrectly, that a formal consolidation order is required in all cases before prior convictions can qualify as related under the Guidelines. Although the argument is framed as a challenge to the legal standards applied by the district court, the district court's comments, taken in context, evidence a factual determination that the cases were not consolidated in state court, which finding is reviewed for clear error. See Buford v. United States, 532 U.S. 59, 64-66 (2001).

The FPD is correct that a formal consolidation order is not a prerequisite to a consolidation finding in all cases. See United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998). However, although formal consolidation is not required by the Guidelines, this court has consistently recognized that there is no informal consolidation under Texas law. See United States v. Velazquez-Overa, 100 F.3d 418, 423-34 (5th Cir. 1996); United States v. Garcia, 962 F.2d 479, 482-83 (5th Cir. 1992), abrogated on other grounds by Buford, 532 U.S. at 63. Because there was no motion for or formal consolidation order in the Texas court, the district court correctly concluded that Marquez's single arrest,

consecutive case numbers, and identical concurrent sentences imposed on the same date were insufficient to show consolidation. See Huskey, 137 F.3d 283, 288; Garcia, 962 F.2d 479, 482-83; see also United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999).

The district court similarly did not err in determining that Marquez's prior convictions were not part of a common scheme or plan rather than mere repeated drug trafficking offenses committed over the course of several days. See United States v. Robinson, 187 F.3d 516, 520 (5th Cir. 1999). There is no evidence in the record to suggest that the transactions were linked by any common purpose or that the later offenses were borne out of the earlier ones. See id. That the prior offenses were factually, temporally, and geographically alike is insufficient. See Garcia, 962 F.2d at 481-82; see also United States v. Ford, 996 F.2d 83, 86 (5th Cir. 1993). The district court additionally did not err, plainly or otherwise, in finding that the prior transactions were not committed on the same occasion. See United States v. Moreno-Arredondo, 255 F.3d 198, 203-04 (5th Cir. 2001); see also United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).

Marquez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Marquez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New

<u>Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005).  Marquez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.