United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO TULIO CHAVEZ-CASTRO,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-86-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marco Tulio Chavez-Castro appeals from his guilty-plea conviction and sentence for illegal reentry. Chavez-Castro argues that his two prior Texas sentences for indecency with a child should have been considered "related cases" pursuant to U.S.S.G. § 4A1.2(a)(2). His prior Texas convictions involved joint hearings for rearraignment and sentencing, and he was sentenced to concurrent terms of imprisonment for those convictions. However, the convictions also had separate docket numbers, separate indictments, different victims, separate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences, and separate judgments.  Accordingly, the district court did not err in determining that Chavez-Castro's prior Texas sentences were not related for guidelines purposes.  See United States v. Moreno-Arredondo, 255 F.3d 198, 203 n.10 (5th Cir. 2001); United States v. Velazquez-Overa, 100 F.3d 418, 423-24 (5th Cir. 1996).

Chavez-Castro also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 87-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Chavez-Castro's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Chavez-Castro properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.