# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2010

No. 10-20101
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS VASQUEZ-DIAZ, also known as Carlos Diaz Vasquez, also known as Carlos Vasquez Diaz, also known as Carlos Vasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-484-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Vasquez-Diaz (Vasquez) appeals the 57-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Vasquez argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He contends that the guidelines sentencing range was too severe because U.S.S.G. § 2L1.2 is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not empirically based and resulted in the double counting of his prior aggravated assault conviction. He also argues that the 16-level sentencing enhancement he received as a result of that prior aggravated assault conviction overstated the gravity of the incident.

Vasquez's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). In addition, we have previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2, comment. (n.6).

Vasquez's assertions regarding the seriousness of his prior aggravated assault offense are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *United States v. Velazquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996). Accordingly, the district court's judgment is AFFIRMED.