**REVISED November 16, 2017**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11653
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS RAMIREZ GALVAN, also known as Jose Ramirezgalvan, also known as Jose Ramirez, also known as Vicente Ortega-Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-47-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

   Jose Louis Ramirez Galvan pleaded guilty to illegally reentering the United States after he had been removed, and he received a 24-month term of imprisonment, which was within the advisory guidelines range. He argues on appeal that the district court erred in classifying his prior Texas sexual assault

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11653

of a child offense as an aggravated felony and thus urges this court to remand for resentencing and for reformation of the judgment to delete the reference to 8 U.S.C. § 1326(b)(2), the statutory subsection that applies to those convicted of illegal reentry after having been removed following an aggravated felony conviction.  Because Ramirez Galvan did not raise this issue in the district court, our review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009).

We have held that a similar Texas offense, indecency with a child, which punishes a person who "engages in sexual contact with a child" younger than 17 years old, Texas Penal Code § 21.11(a)(1), is an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) because it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b); *United States v. Velazquez-Overa*, 100 F.3d 418, 421-22 (5th Cir. 1996).  We explained that it was "obvious" that crimes in which children are sexually molested "typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures." *Velazquez-Overa*, 100 F.3d at 422.  We went on to explain that "[a] child has very few, if any, resources to deter the use of physical force by an adult intent on touching the child," concluding that "[i]n such circumstances, there is a significant likelihood that physical force may be used to perpetrate the crime." *Id.*

That rationale extends to Ramirez Galvan's offense, sexual assault of a child younger than 17 years old under Texas Penal Code § 22.011(a)(2), (c)(1), which punishes conduct that goes beyond mere sexual contact and specifically

No. 16-11653

covers explicit sexual acts involving a child.[1]  Accordingly, the district court did not commit a clear or obvious error in finding that Ramirez Galvan's sexual assault of a child conviction was an aggravated felony.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  The judgment is AFFIRMED.

---

[1] This court previously concluded that Texas Penal Code § 22.011(a)(2) was an aggravated felony because it "comport[ed] with the generic meaning of 'sexual abuse of a minor' and 'statutory rape.'" *United States v. Rodriguez*, 711 F.3d 541, 562 (5th Cir. 2013) (en banc). In reaching that conclusion, we determined that the generic definitions of those offenses required that the victim be younger than 18. *See id.* at 560–61. The Supreme Court has since held that "the generic federal definition of sexual abuse of a minor requires that the victim be younger than 16." *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017). Although *Esquivel-Quintana* abrogates *Rodriguez*'s age-specific holding, that case's remaining holdings are still good law. *See, e.g., Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 489 (5th Cir. 2008) (citing *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 894 (5th Cir. 2001)).

This court's recent decision in *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017), holding that Tennessee statutory rape is not an aggravated felony, does not control the outcome here because the court in that case did not address whether a sexual offense against a minor can qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(b).