# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2018

Lyle W. Cayce
Clerk

No. 16-11653
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS RAMIREZ GALVAN, also known as Jose Ramirezgalvan, also known as Jose Ramirez, also known as Vicente Ortega-Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-47-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Luis Ramirez Galvan was convicted of illegally reentering the United States after he had been removed and was sentenced to 24 months of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. On appeal, he argued that his 2011 Texas conviction for sexual assault of a child did not constitute an aggravated felony such that it was improper to convict and sentence him under 8 U.S.C. § 1326(b)(2). We affirmed. *United States v. Galvan*, 699 F. App'x 314, 315 (5th Cir. 2017).

In *Ramirez Galvan v. United States*, 138 S. Ct. 2676 (2018), the Supreme Court granted certiorari, vacated, and remanded this matter for reconsideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Court held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague. *See id.* at 1210, 1223.

In response to our request for supplemental briefing, the parties have provided a joint supplemental letter brief in which they have agreed on the effect of *Dimaya*. They correctly agree that, in sentencing Galvan under § 1326(b)(2), the district court necessarily and erroneously relied upon § 16(b)'s now-unconstitutional residual clause. *See id.* at 1210, 1223. The parties further agree that we should reform the judgment to reflect that Galvan was sentenced pursuant to § 1326(b)(1). *See United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018). Although Galvan has now been released from prison, his release does not moot the appeal. *See Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).

Accordingly, the judgment is REFORMED to reflect that Galvan was convicted and sentenced according to § 1326(b)(1), and the judgment as modified is AFFIRMED.